UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CULEN KEITH ROBINSON,<br><br>    Plaintiff,<br><br>v.<br><br>CLARKSVILLE MONTGOMERY<br>COUNTY SCHOOL SYSTEM,<br><br>    Defendant. | No. 3:15-cv-01171<br><br>Judge Trauger<br>Magistrate Judge Newbern |

## **MEMORANDUM AND ORDER**

Pending before the court in this pro se civil rights action is the unopposed motion for summary judgment of Defendant Clarksville Montgomery County School System (Doc. No. 34). For the reasons stated herein, the motion is GRANTED.

**I.    Statement of the Case**

    **A.    Factual History[1]**

Plaintiff Culen Keith Robinson began working as an assistant principal at Clarksville High School within the Clarksville Montgomery County School System (CMCSS) during the 2009–10 school year. (Doc. No. 38, PageID# 117–18.) When CMCSS hired him, it was aware of Robinson's status as a reserve member of the United States Army. (*Id.* at PageID# 118–19, 121–22.) On July 1, 2010, while the school system was on summer recess, Robinson received orders

---

[1] These facts come primarily from CMCSS's Statement of Undisputed Material Facts and supporting documents. (Doc. Nos. 36, 38–40.) Because Robinson did not respond to these filings, the undersigned takes CMCSS's statement of facts as true for the purposes of summary judgment pursuant to Local Rule 56.01(g), which directs that "[f]ailure to respond to a moving party's statement of material facts . . . shall indicate that the asserted facts are not disputed for purposes of summary judgment."

to report to Fort Buchanan, Puerto Rico on July 18, 2010, for a period of fifty days plus travel time. (*Id.* at PageID# 126–27.) On September 10, 2010, Robinson received orders to report to Fort Knox, Kentucky, on September 13, 2010, for 462 days of active-duty service; this period of active duty continued until August 1, 2012, pursuant to subsequent orders issued on January 18, 2011 and December 9, 2011. (*Id.* at PageID# 136–38.) Robinson only provided CMCSS with the initial July 1, 2010 orders requiring his service. (*Id.* at PageID# 139–40.)

On July 26, 2010, CMCSS Director of Human Resources Bruce Jobe approved Robinson's military service leave of absence based on the July 1, 2010 orders, which included a return-to-work date of September 9, 2010. (Doc. No. 40, PageID# 222.) Jobe's letter directed Robinson to notify CMCSS "immediately" when his "official return date has been determined." (*Id.*) Around September 1 or 2, 2010, Robinson returned temporarily to Clarksville. (Doc. No. 38, PageID# 149–50, 157–58.) During this period, Jobe called Robinson's then-wife to inquire about Robinson's leave status. (*Id.* at PageID# 166; Doc. No. 40, PageID# 211.) Robinson responded by email on September 3, 2010, that he had been directed to receive specialized training at a different location and had stopped in Clarksville to visit his family on the way. (Doc. No. 40, PageID# 224–25.) Robinson stated that he could not give Jobe more information about his status because of national security concerns and concluded, "[s]ince this is a problem, I do not wish to have any controversies or create any enemies, so you can give my position to someone else." (*Id*. at PageID# 225.) Robinson ended the email by stating, "I had all of the respect in the world for you because you were always professional and thoughtful towards me and thanks for that." (*Id.*)

On September 3, 2010, Jobe responded to Robinson's email, stating that he had called Robinson's wife because he "need[ed Robinson's] new orders if [he] desired to extent [sic] [his]

leave." (*Id.* at PageID# 224.) Jobe stated, "we knew there was a possibility of a request to extend and that it would have to be accompanied by your new orders." (*Id.*) Jobe indicated that he could not fill Robinson's position until it was vacated and said that he could accept Robinson's email "as [his] written resignation effective immediately." (*Id.*) Jobe stated that he would waive the required thirty-day notice period for resignation to "assure [Robinson's] continued good standing with CMCSS and protect [his] Tennessee license." (*Id.*) Jobe concluded, "[t]hanks for your past service to the children of our community and your current service to our nation." (*Id.*) Jobe then sent Robinson a letter accepting his resignation effective September 9, 2010. (*Id.* at PageID# 227.) Robinson did not respond to Jobe's email or letter or communicate with anyone else in the school district regarding his resignation. (Doc. No. 38, PageID# 160–61.)

Robinson completed his military service on August 1, 2012, and did not seek re-employment with CMCSS upon his return. (Doc. No. 38, PageID# 117, 162–63.) Instead, Robinson obtained a position with the Lake County School System, where he worked from November 2012 until February 2014. (Doc. No. 38, PageID# 162–63.) He did not apply for another position with CMCSS until July 22, 2014. (*Id.*) Robinson apparently was not selected for that job. (*See id.* at PageID# 174.)

### B. Procedural History

On November 5, 2015, Robinson filed this action alleging violations of the reemployment and antidiscrimination provisions of the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. § 4301, *et seq*. (Doc. No. 1.) Robinson's counsel subsequently was suspended from the practice of law in Tennessee and, on October 3, 2016, the court ordered that the case be held in abeyance until December 9, 2016, to allow Robinson to obtain new counsel or decide to go forward pro se. (Doc. No. 13.) On December 6, 2016, Robinson

requested additional time to seek new counsel, (Doc. No. 15), and the court extended the stay until January 8, 2017. (Doc. No. 16.) No counsel entered an appearance by that date, and the court noted Robinson's pro se status. (Doc. No. 19.)

On February 10, 2017, CMCSS filed a motion for summary judgment, accompanied by a supporting memorandum of law (Doc. No. 35) and statement of undisputed material facts (Doc. No. 36), as well as Robinson's deposition (Doc. No. 38) and the affidavits of Jobe (Doc. No. 40) and Phyllis Casebolt, the former principal of Clarksville High School who was Robinson's direct supervisor during the relevant period (Doc. No. 39). CMCSS argues that Robinson has failed to show that CMCSS took any adverse employment action against him because Robinson resigned his assistant principal position. (Doc. No. 35, PageID# 85–86.) CMCSS also asserts that Robinson's reemployment claim fails because he did not timely reapply for a position with CMCSS after completing his military service. (*Id.* at PageID# 87.)

Robinson did not appear for a scheduled case management conference on March 2, 2017. (Doc. No. 43.) On March 3, 2017, the court ordered Robinson to respond to CMCSS's motion for summary judgment by April 5, 2017. (Doc. No. 43.) Robinson did not responded to CMCSS's motion or statement of undisputed material facts, nor has he filed his own statement of undisputed material facts. He has not filed anything in this action since December 6, 2016.[2]

## II. Legal Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To prevail, the moving party must prove the absence of a genuine issue of material fact as to any essential element of the opposing

---

[2] The docket shows that all court orders sent to Robinson by certified mail have been accepted.

party's claim. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *Stiles ex rel. D.S. v. Grainger Cty., Tenn.*, 819 F.3d 834, 847 (6th Cir. 2016). In determining whether the moving party has met its burden, the court must view the factual evidence and draw all reasonable inferences in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Stiles*, 819 F.3d at 848. The court must not weigh the evidence and determine the truth of the matters asserted but instead must "determine whether there is a genuine issue for trial." *Jackson v. VHS Detroit Receiving Hosp., Inc.*, 814 F.3d 769, 775 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)).

If the nonmoving party fails to make a sufficient showing on an essential element of the case with respect to which she has the burden, however, the moving party is entitled to judgment as a matter of law. *Martinez v. Cracker Barrel Old Country Store, Inc.*, 703 F.3d 911, 914 (6th Cir. 2013) (citation omitted). To preclude summary judgment, the nonmoving party must go beyond the pleadings and present specific facts demonstrating the existence of a genuine issue for trial. *Shreve v. Franklin Cty., Ohio*, 743 F.3d 126, 132 (6th Cir. 2014) (citations omitted). "A mere scintilla of evidence by the nonmoving party is insufficient to defeat summary judgment; 'there must be evidence on which the jury could reasonably find for the [nonmoving party].'" *St. Clair Marine Salvage, Inc. v. Bulgarelli*, 796 F.3d 569, 574 n.2 (6th Cir. 2015) (alteration in original) (quoting *Anderson,* 477 U.S. at 252). If the evidence offered by the nonmoving party is "merely colorable," "not significantly probative," or not enough to lead a fair-minded jury to find for the nonmoving party, the motion for summary judgment may be granted. *Anderson,* 477 U.S. at 249–52.

This court's Local Rules 7.01(b) and 56.01(c) and (g) govern responses to motions and to statements of material facts filed with motions for summary judgment, respectively. Local Rule

5

7.01(b) states, in pertinent part, that "[f]ailure to file a timely response [to a motion] shall indicate that there is no opposition to the motion." Regarding responses to statements of material facts, Local Rule 56.01(g) provides that "[f]ailure to respond to a moving party's statement of material facts . . . shall indicate that the asserted facts are not disputed for the purposes of summary judgment. However, "[a] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded," *Evans v. Plummer*, No. 16-3826, 2017 WL 1400495, at *9 (6th Cir. Apr. 19, 2017) (quoting *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991)). The court must examine the motion to determine whether the movant has discharged its burden of demonstrating the absence of a genuine issue of material fact. *Id.*

### III. Analysis

USERRA protects members of the armed services from discrimination in employment based on their military service and guarantees returning service members reemployment with their former employers. *Petty v. Metro. Gov't of Nashville & Davidson Cty.*, 687 F.3d 710, 713 (6th Cir. 2012). USERRA's discrimination provision, in relevant part, prohibits an employer from denying a service member "retention in employment" based on his military service. 38 U.S.C. § 4311(a). The reemployment provisions guarantee a returning veteran a position with his former employer if he satisfies four prerequisites: proper notice to his employer prior to his departure; a military service period of less than five years; a timely reemployment request accompanied by proper documentation; and separation from military service under honorable conditions. *Petty*, 687 F.3d at 716–17 (citations and internal quotation marks omitted).

Under this standard and based upon the undisputed facts, CMCSS is entitled to judgment as a matter of law because Robinson resigned his position and did not timely seek reemployment.

A.  Resignation Claim

To prevail on a USERRA discrimination claim, a plaintiff must show that his military service was a "motivating factor" in an adverse employment action. *Eichaker v. Vill. of Vicksburg*, 627 F. App'x 527, 531 (6th Cir. 2015). "The burden then shifts to the employer to prove that it would have taken the same action 'in the absence of' the employee's military service . . . ." *Id.* Resignation alone, absent other indicators of discrimination, is not an adverse action under USERRA. *Roth v. W. Salem Police Dep't*, 616 F. App'x 794, 800 (6th Cir. 2015). Robinson's complaint alleges, however, that CMCSS pressured Robinson to resign his position. (Doc. No. 1, PageID# 2.) The complaint states that, "after a tense back and forth with Jobe" by email, Robinson "decided that his teaching license would be taken and his career in education ruined if he did not resign his position." (*Id.*) CMCSS argues at summary judgment that Robinson voluntarily resigned his position and that CMCSS "only requested information from him to either extend his leave or determine when the Plaintiff would return to his position as assistant principal." (Doc. No. 35, PageID# 86.)

There is no evidence in the record to support Robinson's allegation that he was pressured to resign for discriminatory reasons. (Doc. No. 1, PageID# 2.) In his September 3, 2010 email, Robinson explicitly told Jobe, "you can give my position to someone else." (Doc. No. 40, PageID# 225.) Jobe's emails to Robinson were not adversarial in tone, and his response to Robinson's September 3, 3010 email referenced the possibility of extending Robinson's leave. (*Id.* at PageID# 224.) Robinson never responded to that email or to the subsequent letter accepting his resignation, nor did he ever supply CMCSS with the orders extending his term of duty. (Doc. No. 38, PageID# 160–61.) On this record, there is no genuine issue of material fact

that Robinson's resignation was caused by discriminatory action. CMCSS is therefore entitled to judgment as a matter of law on Robinson's discrimination claim.

### B. Reemployment Claim

To invoke USERRA's reemployment protections, a returning service member whose period of service is greater than 180 days must apply for reemployment with his prior employer "not later than 90 days after the completion of the period of service." 38 U.S.C. § 4312(e)(1)(D). Because Robinson was deployed from July 2010 through August 1, 2012, (Doc. No. 38, PageID# 117, 126–27, 136–38), he was required to apply for reemployment with CMCSS by October 30, 2012. It is uncontested that Robinson did not apply for a position with CMCSS until July 2014. (Doc. No. 38, PageID# 162–63.) Because Robinson failed to make a timely application for reemployment, his claim cannot succeed. *See Erickson v. U.S. Postal Serv.*, 571 F.3d 1364, 1370 (Fed. Cir. 2009) (granting summary judgment on reemployment claim based on service member's failure to request reemployment within 90 days of completing military service). CMCSS is entitled to judgment as a matter of law.

## IV. Conclusion

For these reasons, Defendant CMCSS's unopposed motion for summary judgment (Doc. No. 34) is GRANTED.

Entered this 29th day of August, 2017.

_____
ALETA A. TRAUGER
U.S. District Court Judge